Michael D. Zoldan – 028128
**SHIELDS PETITTI & ZOLDAN, PLC**
5090 N. 40th Street, Suite 207
Phoenix, Arizona 85018
Telephone: (602) 718-3330
Facsimile: (602) 675-2356
E-Mail:  mdz@shieldspetitti.com
E-Mail: docket@shieldspetitti.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shelley McReynolds, | **No.** |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Nexa Mortgage, LLC, an Arizona limited liability company; | |
| Defendant. | |

Plaintiff Shelley McReynolds ("McReynolds" or "Plaintiff"), by and through undersigned counsel, for her Complaint against Defendant Nexa Mortgage, LLC, alleges as follows.

### NATURE OF THE CASE

1.      Plaintiff brings this action against Defendant for its unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "FLSA").

2.      This action is also brought to recover overtime compensation, liquidated or

1412883.1

double damages, and statutory penalties resulting from Defendant's violations of the FLSA.

**PARTIES**

3.      At all relevant times to the matters alleged herein, Plaintiff McReynolds resided in St. Louis County, Missouri.

4.      At all relevant times to the matters alleged herein, Plaintiff McReynolds was a full-time employee of Defendant.

5.      At all relevant times to the matters alleged herein, Plaintiff McReynolds was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

6.      At all relevant times to the matters alleged herein, Plaintiff McReynolds was a non-exempt employee.

7.      Defendant Nexa Mortgage, LLC ("Nexa") is a company authorized to do business in Arizona. Nexa Mortgage is an Arizona domestic limited liability company with its principal place of business in Arizona.

8.      Defendant Nexa was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

9.      Upon reasonable belief, Plaintiff, in her work for Defendant, was employed by an enterprise engaged in commerce that has or will have annual gross sales of at least $500,000 in 2025, 2024, 2023, 2022, 2021, and 2020.

10.     At all relevant times, Plaintiff, in her work for Defendant, was engaged in commerce or the production of goods for commerce.

11.     At all relevant times, Plaintiff, in her work for Defendant, was engaged in

1412883.1

interstate commerce.

12.    Plaintiff, in her work for Defendant, regularly handled goods produced and transported in interstate commerce.

13.    Plaintiff used email, text, and phone to communicate with Defendant.

14.    Plaintiff is a covered employee under individual coverage.

15.    Plaintiff is a covered employee under enterprise coverage.

## JURISDICTION AND VENUE

16.    This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

17.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

## FACTUAL ALLEGATIONS

18.    The entity Defendant is a mortgage company.

19.    From approximately September 2022 through November 12, 2023, Plaintiff was employed by Nexa as a loan officer support ("LOS") employee.

20.    In this role, Plaintiff's job responsibilities included assisting Nexa's loan officers with support questions related to loans.  Plaintiff operated as a help desk personnel for Nexa's loan officers.

21.    Plaintiff was a nonexempt employee but was misclassified by Defendant.

1412883.1

22. As a loan officer support employee, McReynolds's compensation was entirely commission-based, with no guaranteed weekly salary.

23. She was paid commissions based on the closed loans for which she provided support to a loan officer.

24. At all relevant times during Plaintiff's employment, Defendant did not pay Plaintiff on a salary basis.

25. Plaintiff never received a guaranteed weekly salary of at least $684 in any workweek, nor any other guaranteed salary meeting the requirements of the FLSA.

26. McReynolds was not engaged in outside sales during her employment with Nexa.

27. McReynolds's primary duties included help desk duties for loan officers employed by Nexa.

28. McReynolds routinely worked more than 40 hours per week.

29. McReynolds worked approximately 50 to 60 hours a week.

30. Plaintiff was not provided with the required one-and-a-half times pay premium as required by the FLSA for the overtime hours she worked.

31. At all relevant times during Plaintiff's employment, Defendant failed to compensate Plaintiff for all her overtime hours properly.

32. Defendant was aware that Plaintiff's working hours routinely exceeded 40 hours.

33. Defendant required Plaintiff to work overtime as a condition of her employment.

34. Defendant wrongfully withheld wages from Plaintiff by failing to pay all wages

1412883.1

due for overtime hours Plaintiff worked.

35.    Defendant refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

36.    Upon information and belief, Defendant failed to post and keep posted in a conspicuous place the required poster/notice explaining their employee rights under the FLSA under 29 C.F.R. § 516.4.

37.    Upon information and belief, Defendant has not kept proper records in violation of 29 C.F.R. § 516.2.

38.    Defendant's failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

39.    Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

40.    At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

41.    Plaintiff is an employee entitled to the statutorily mandated overtime wages.

42.    Defendant has intentionally failed and/or refused to pay Plaintiff's overtime wages according to the provisions of the FLSA.

43.    As a direct result of Defendant's violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

1412883.1

44.    In addition to the amount of unpaid overtime wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages under 29 U.S.C. § 216(b).

45.    Defendant's actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

46.    Defendant knew Plaintiff was not being compensated overtime for time worked more than 40 hours in a given workweek and failed to pay proper overtime wages.

47.    Defendant knew their failure to pay overtime wages was a violation of the FLSA.

48.    Defendant have not made a good faith effort to comply with the FLSA.

49.    Plaintiff is also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

Plaintiff demands a jury trial.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A.    For the Court to declare and find that the Defendants committed the following acts:

    i.    violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

    ii.    willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

1412883.1

B.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C.    For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D.    For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E.    For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and all other causes of action set forth herein;

F.    Any other remedies or judgments deemed just and equitable by this Court.

DATED this 10th day of September, 2025.

SHIELDS PETITTI & ZOLDAN, PLC

By /s/ Michael Zoldan
    Michael Zoldan
    5090 N. 40th Street, Suite 207
    Phoenix, AZ 85018
    *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2025, I electronically transmitted the foregoing document to the United States District Court, District of Arizona, Court Clerk, using the CM/ECF System. All counsel of record are registrants and are therefore served via this filing and transmittal.

/s/ Sarah Arbizo

1412883.1